**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Action No.: <u>1:15-cv-00358-TSE-MSN</u> |
| | : |
| JOHN DOE subscriber assigned IP address | : |
| 108.51.235.57, | : |
| | : |
| Defendant. | : |

**ACCOMPANYING BRIEF IN SUPPORT OF MOTION TO QUASH THIRD PARTY SUBPOENA AND FOR PROTECTION PURSUANT TO RULE 45(d)**

COMES NOW, **JOHN DOE**, by counsel, and as for his Accompanying Brief in Support of Motion to Quash Third Party Subpoena and for Protection Pursuant to Rule 45(d), states as follows:

**I. INTRODUCTION**

Plaintiff, a pornographer, has filed this copyright infringement lawsuit, and admittedly over a thousand others, alleging infringement of its protected materials by the file transfer technology known as BitTorrent. [Dkt. 1 ¶¶ 6, 11-17]. "John Doe", this Defendant, is known to Plaintiff as the alleged owner of IP address 108.51.235.57. [Dkt. 1 ¶ 9]

On the one hand, Plaintiff alleges that this Defendant "is a persistent online infringer of Plaintiff's copyrights" [Dkt. 1 ¶ 2]; that this Court has jurisdiction over this Defendant because this Defendant (i) committed the tortious conduct in this State, and (ii) this Defendant resides in this State and/or (iii) this Defendant has engaged in substantial business activity in this State. [Dkt. 1 ¶5]; that Defendant resides (and therefore can be found) in this District and that this Defendant or his/her agent resides or may be found in this District. [Dkt. 1 ¶ 7]; that this Defendant

1

downloaded, copied, and distributed a complete copy of Plaintiff's protected material. [Dkt. 1 ¶ 20]; that Plaintiff's investigator downloaded from this Defendant one of more bits of file hash. [Dkt. 1 ¶ 22]; that this Defendant is a habitual and persistent BitTorrent user and copyright infringer. [Dkt. 1 ¶ 25]; that this Defendant copied and distributed elements of Plaintiff's protected material. [Dkt. 1 ¶ 30]; that this Defendant violated Plaintiff's exclusive rights. [Dkt. 1 ¶ 32]; and that this Defendant's infringements were willful. [Dkt. 1 ¶ 33]

On the other hand, Plaintiff then acknowledges that it was merely "Defendant's IP address" that "was used to illegally distribute" the alleged protected material. [Dkt. 1 ¶ 2]; that Plaintiff's investigator connected, over a course of time, with Defendant's IP address (as opposed to communicating directly with this Defendant). [Dkt. 1 ¶ 23]; that Plaintiff is suing this Defendant even though it is only this Defendant's IP address (as opposed to the defendant directly) that has been used to infringe protected materials. [Dkt. 5 p.3); and that Plaintiff requires the disclosure of John Doe's identity in order to serve process on the defendant. [Dkt. 5 pp. 4, 7, and 8]

Pursuant to the issuance of the third party subpoena, Verizon, the alleged ISP to this Defendant, provided a "COURT – DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA SEEKING DISCLOSURE OF YOUR IDENTITY" dated April 30, 2015 advising that, among other things, John Doe's identity will be disclosed in 30 days unless John Doe challenges the subpoena; hence, this motion in accordance with Fed. R. Civ. P. 45(d).[1]

Verizon's court directed notice significantly provides, in part, that "The plaintiffs will have to prove that *you* illegally used the internet to download or upload the particular movie. *We do not have records that would prove or disprove that fact; we simply have records that show that an IP address was assigned to a specific customer at a specific time. It may be that someone else, for a*

---

[1] The actual court directed notice is not attached as an exhibit to this pleading because it contains information which would otherwise lead to the identification of John Doe.

2

*variety of reasons, was using the IP address*" [emphasis added].

Accordingly, the disclosure of John Doe's identity does not appear to be for the purpose of discovering who may have used John Doe's IP address to allegedly infringe because Plaintiff claims that it knows that it was in fact this Defendant. The disclosure, however, of John Doe's identity, as is set forth correctly by Verizon in the court directed notice, does not furnish proof that it was in fact John Doe that allegedly infringed Plaintiff's rights. Nevertheless, Plaintiff argues that the identity of John Doe is only necessary for the purpose of serving process.

Of course, if it appears that Plaintiff specifically alleges without adequate factual basis for making those claims in its pleadings that John Doe, this Defendant and alleged owner of the IP address, was the actual infringer, a resulting motion under Fed. R. Civ. P. 11 would be appropriate.

## II. STANDARD OF LAW

Fed. R. Civ. P. 26(d) provides generally that discovery may not begin prior to the Rule 26(f) conference. This Rule also provides that expedited discovery may be conducted prior to that conference when authorized by court order in the exercise of its discretion. *See, e.g., Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Fed. R. Civ. P. 45(d) provides, in part, that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Moreover, this Rule provides that the District Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies, or if the subpoena subjects a person to "undue burden".

The use of a subpoena for a "fishing expedition" is improper and not permitted. *See, e.g., Stratagem Dev, Corp. v. Heron Int'l N.V.*, 90 Civ. 6328 (SWK), 1992 U.S. Dist. LEXIS 14832, at *24-25 (S.D.N.Y. Sept. 30, 1992). The Second Circuit has also stated that a subpoena may be

3

quashed if it calls for clearly irrelevant matter. *Anderson v. British Overseas Airways Corp.*, 149 F. Supp. 68 (S.D.N.Y 1956)(stating that the subpoena will be quashed if it is burdensome in detail and under circumstances where no further evidence could affect a conclusion made by the court).

The term "undue burden" as used in Fed. R. Civ. P. 45(d)(3)(iv) is essentially the same concept as the term "unreasonable or oppressive" as used in Federal Rule of Criminal Procedure 17(c)(2).

### III. ARGUMENT

#### A. THE SUBPOENA IN QUESTION COULD LEAD TO THE DISCLOSURE OF PRIVILEGED OR OTHER PROTECTED MATTER

Many people, for a variety of reasons, choose to access the internet anonymously, whether it be to view material or to publish material. The subpoena in question could lead to the disclosure of privileged or other protected matter because, if complied with, any anonymous publications, privileged or other protected matter authored by persons with access to the IP address of its owner, would be rendered open for public scrutiny. Once the IP address is publicly connected with a particular individual, any anonymous speech or protected or privileged material emanating from that IP address would be easily discoverable and obtainable by virtually anyone. As such, any anonymous or otherwise privileged material associated with that IP address would no longer be protected, not only as regards the owner of the IP address, but also anyone who had access to the IP address.

The First Amendment protects the right to speak anonymously. In *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995), the court ruled that "An author is generally free to decide whether or not to disclose his or her true identity. The decision in favor of anonymity may be motivated by fear of economic or official retaliation, by concern about social ostracism, or merely

4

by a desire to preserve as much of one's privacy as possible. Whatever the motivation may be,...the interest in having anonymous works enter the marketplace of ideas unquestionably outweighs any public interest in requiring disclosure as a condition of entry. Accordingly, an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment." 514 U.S. 334, 341-42 (1995).

"[T]he right to communicate anonymously on the Internet falls within the scope of the First Amendment's protections." *In re Subpoena Duces Tecum to Am. Online, Inc.*, 52 Va. Cir. 26, 2000 WL 1210372, at *6 (Va. Cir. Ct. 2000), rev'd on other grounds, *Am. Online, Inc. v. Anonymous Publicly Traded Co.*, 261 Va. 350 (2001).

A court order compelling disclosure of a speaker, even if granted for a private party, is a form of state action. See *New York Times Co. v. Sullivan*, 376 U.S. 254, 265 (1964); *Shelley v. Kraemer*, 334 U.S. 1 (1948). As a result, "th[e] Court [has] recognize[d] that abridgement of" First Amendment rights, "even though unintended, may inevitably follow." *NAACP v. Alabama*, 357 U.S. 449, 461 (1958). Thus, an order to compel production of a person's identity "is subject to the closest scrutiny." Id. at 461; see *Bates v. City of Little Rock*, 361 U.S. 516, 524 (1960).

Defendant, John Doe, respectfully asserts therefore that the third party subpoena would result in disclosure of anonymous, privileged, or other protected matter and should be quashed or modified on this ground alone. Accordingly, the third party subpoena seeking John Doe's identity must be subject to the closest scrutiny.

## B. THE DEFENDANT'S IDENTITY IS NOT NECESSARY TO PROCEED WITH LITIGATION

Plaintiff sought and received authority from the Court to issue a third party subpoena to Defendant's ISP for the purpose of being able to serve process and proceed with this action. Since

5

Defendant's attorney has come forward, Plaintiff's need for expedited discovery to proceed with this action is rendered moot. Thus, Defendant's true identity prior to a discovery conference is not relevant as to whether Plaintiff proceeds with this action.

As such, there are circumstances under which limited discovery could occur without revealing John Doe's identity, and thus protect anonymity and disclosure of protected matter, and which would establish that there are "other circumstances that would prevent" Plaintiff from pursuing its claims. These circumstances could include, for example, access to the IP address by a number of individuals, that multiple devices, and hence users, are able to use a single IP address at a given location, other than John Doe himself/herself, as such examples are set forth in Verizon's court directed notice.

Not knowing the defendant's identity prior to a discovery conference will not cause Plaintiff any cognizable harm at this time, and will allow *both* parties an equal opportunity to discovery. *CineTel Films, Inc. v. Doe*, 853 F. Supp. 2d 545, 547 (D. Md. 2012). ("it is a procedural decision allowing these early motions to proceed anonymously when there is little if any harm to the plaintiff[]."). This is especially true given Plaintiff's allegation that its "evidence establishes that Defendant is a habitual and persistent BitTorrent user and copyright infringer". [Dkt. 1 ¶ 25]. Certainly, John Doe would be entitled to know what evidence Plaintiff possesses that caused Plaintiff to allege in its Complaint that *he/she* is the habitual and persistent infringer. If Plaintiff already has that information as it claims, then there is no impediment to Plaintiff proceeding with this action and, therefore, no cognizable harm to Plaintiff at this time.

### C. THE THIRD PARTY SUBPOENA CREATES AN UNDUE BURDEN

If the true purpose of the third party subpoena is to be able to proceed with the action, that goal can be accomplished without infringing on John Doe's constitutionally protected right to

6

remain anonymous. If the purpose of seeking John Doe's identity, especially where Plaintiff claims to have such extensive evidence already, is rather to obtain a financial settlement in exchange for not disclosing John Doe's identity, then the third party subpoena should be considered "unreasonable and oppressive", a pre-1991 standard now incorporated into the current requirement that a subpoena <u>must</u> be quashed if it "subjects a person to undue burden". An intentional scheme to intimidate innocent subscribers into settling groundless claims is an abuse of process. See, e.g., *Ladd v. Polidoro*, 424 Mass. 196, 675 N.E.2d 382 (1997).

### D. ALTERNATE REQUEST TO REMAIN ANONYMOUS ON THE RECORD

In the alternative, Defendant requests that this Court exercise its discretion in permitting him/her to remain anonymous on the record. The decision whether to permit a party to remain anonymous on the record is within the court's discretion. *James v. Jacobson*, 6 F.3d 233 (1993).

Among the factors considered in the exercise of discretion are the following: whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously. *See Doe v. A Corp.,* 709 F.2d 1043, 1044 n. 1 (5th Cir.1983) (anonymity of both parties warranted to protect attorney client confidentiality privilege); *Doe v. Stegall,* 653 F.2d at 185-86 (anonymity warranted to protect minor plaintiffs against risk of violence from revelation of unpopular personal beliefs).

## CONCLUSION

For the reasons stated above, and based on the admissions and allegations contained in the pleadings, John Doe, this Defendant, respectfully moves for the entry of an Order in accordance with Fed. R. Civ. P. 45(d)(3)(iii)(iv) quashing or modifying the third party subpoena so as to protect him/her from the disclosure of privileged or other protected matter, and protecting him/her from being subjected to an undue burden, or in the alternative, permitting Defendant to remain anonymous on the record.

Respectfully submitted,

Dated May 28, 2015                                    /s/
Sean D. O'Malie, Esq., VSB # 27993
Counsel for John Doe
Law Offices of Sean D. O'Malie, PLC
10513 Judicial Drive, Suite 301
Fairfax, Virginia 22030
(703) 273-7211 (tel.)
(703) 890-2395 (fax)
omaliesd@aol.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on the 28th day of May, 2015, I filed this ACCOMPANYING BRIEF IN SUPPORT OF MOTION TO QUASH THIRD PARTY SUBPOENA AND FOR PROTECTION PURSUANT TO RULE 45(d) using the CM/ECF system, which will then send a notification of such filing to Plaintiff's counsel:

William E. Tabot, Esquire
William E. Tabot PC
9248 Mosby Street
Manassas, VA 20110-5038
703-530-7075 (tel.)
703-530-9125 (fax)
wetabotesq@wetlawfirm.com

8

and

Jon Alexander Hoppe, Esquire
Maddox, Hoppe, Hoofnagle & Hafey, LLC
1401 Mercantile Lane, # 105
Largo, MD 20774
(301) 312-1686 (tel.)
(301) 341-5727 (fax)
jhoppe@mhhhlawfirm.com

        Respectfully submitted,

        _____/s/_____
        Sean D. O'Malie, Esq., VSB # 27993
        Counsel for John Doe
        Law Offices of Sean D. O'Malie, PLC
        10513 Judicial Drive, Suite 301
        Fairfax, Virginia 22030
        (703) 273-7211 (tel.)
        (703) 890-2395 (fax)
        omaliesd@aol.com